IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA :
:
V. : 1:09CR233-1
:
JULIO SPIRO DIBBI :

The Grand Jury Charges:

COUNT ONE

On or about April 15, 2006, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Tax Return, Form 1040, for Cynthia Hale, for calendar year 2005 that was false and fraudulent as to a material matter, in that it represented on Schedule A that Cynthia Hale was entitled under the provisions of the Internal Revenue laws to claim deductions for employee expenses of $600.00 for business related travel, $720.00 for a work telephone, and $895.00 for uniform cleaning, whereas, as the defendant then and there well knew and believed, Cynthia Hale did not have such claimed employee expenses for calendar year 2005 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT TWO

On or about August 24, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI corruptly

endeavored to obstruct and impede the due administration of Title 26, United States Code, by instructing Cynthia Hale to create a false and fraudulent mileage log to support false exemption claims made by JULIO SPIRO DIBBI in her U.S. Individual Tax Return, Form 1040, Schedule A; in violation of Title 26, United States Code, Section 7212(a).

## COUNT THREE

On or about February 2, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Joint Tax Return, Form 1040, for Christopher and Amber Garber, for calendar year 2006 that was false and fraudulent as to a material matter, in that it represented on Schedule A that Christopher and Amber Garber were entitled under the provisions of the Internal Revenue laws to claim deductions for employee expenses of $1,260.00 for a work telephone, $750.00 for work clothes and $1,900.00 in medical expenses, whereas, as the defendant then and there well knew and believed, Christopher and Amber Garber did not have such employee and medical expenses for calendar year 2006 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT FOUR

On or about October 1, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI corruptly endeavored to obstruct and impede the due administration of Title 26, United States Code, by instructing Christopher Garber to create false and fraudulent back dated receipts to support false exemption claims made by JULIO SPIRO DIBBI in his U.S. Joint Tax Return, Form 1040, Schedule A; in violation of Title 26, United States Code, Section 7212(a).

COUNT FIVE

On or about April 15, 2006, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Joint Tax Return, Form 1040, for Stephen Horsley and Anita Horsley, for calendar year 2005 that was false and fraudulent as to a material matter, in that it represented on Schedule C that Stephen Horsley was entitled under the provisions of the Internal Revenue laws to claim deductions for business expenses of $5,610.00 in car and truck expenses, $100.00 in legal expenses, $720.00 in utilities, $450.00 in uniform cleaning, $240.00 in grooming, and $215.00 in target practice as well as 12,996 business miles, whereas, as the defendant then and there well knew and believed, Stephen Horsely did not have such business expenses and mileage for calendar year

2005 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT SIX

On or about August 29, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI corruptly endeavored to obstruct and impede the due administration of Title 26, United States Code, by instructing Stephen Horsley to create a false and fraudulent mileage log to support false exemption claims made by JULIO SPIRO DIBBI in his U.S. Joint Tax Return, Form 1040, Schedule C; in violation of Title 26, United States Code, Section 7212(a).

## COUNT SEVEN

On or about February 17, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Tax Return, Form 1040, for Lestor Sims, for calendar year 2006 that was false and fraudulent as to a material matter, in that it represented on Schedule A that Lestor Sims was entitled under the provisions of the Internal Revenue law to claim deductions for $3,100.00 in medical expenses and $1,855.00 in charitable contributions, and on Schedule C that Lestor Sims was entitled under the provisions of the Internal Revenue laws to claim deductions for business expenses of $900.00 in insurance expenses, $125.00 in legal

4

expenses, $840.00 in utilities, $785.00 in uniform cleaning, $450.00 in grooming, $325.00 in target practice and $125.00 in shoes, as well as 3,600 business miles, whereas, as the defendant then and there well knew and believed, Lestor Sims did not have such medical and business expenses, mileage and charitable contributions for calendar year 2006 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT EIGHT

On or about September 1, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI corruptly endeavored to obstruct and impede the due administration of Title 26, United States Code, by instructing Lestor Sims to create a false and fraudulent mileage log and false and fraudulent back dated receipts to support false exemption claims made by JULIO SPIRO DIBBI in his U.S. Individual Tax Return, Form 1040, Schedule C; in violation of Title 26, United States Code, Section 7212(a).

## COUNT NINE

On or about April 15, 2006, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Tax Return, Form 1040, for Kelly Vestal, for calendar year 2005 that was false and fraudulent as to a material matter, in that it represented on Schedule A that Kelly Vestal was entitled

under the provisions of the Internal Revenue laws to claim deductions for employee expenses of $720.00 for a work telephone, $895.00 for uniform cleaning, $200.00 of dues and $225.00 in medical tools as well as 2,000 business miles whereas, as the defendant then and there well knew and believed, Kelly Vestal did not have such employee expenses or mileage for calendar year 2005 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT TEN

On or about October 1, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI corruptly endeavored to obstruct and impede the due administration of Title 26, United States Code, by instructing Kelly Vestal to create a false and fraudulent mileage log and false and fraudulent back dated receipts to support false exemption claims made by JULIO SPIRO DIBBI in her U.S. Individual Tax Return, Form 1040, Schedule C; in violation of Title 26, United States Code, Section 7212(a).

COUNT ELEVEN

On or about April 15, 2006, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Tax Return, Form 1040, for Refan Afsar, for calendar year 2005 that was false and fraudulent to a material matter, in that it

represented on Schedule A that Refan Afsar was entitled under the provisions of the Internal Revenue laws to claim deductions for employee expenses of $600.00 for a work telephone, $565.00 for uniform cleaning, and $495.00 in non-cash gifts whereas, as the defendant then and there well knew and believed, Refan Afsar did not have such employee expenses or mileage for calendar year 2005 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT TWELVE

On or about April 15, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Tax Return, Form 1040, for Mitchell Massencup, for calendar year 2006 that was false and fraudulent as to a material matter, in that it represented on Schedule C that Mitchell Massencup was entitled under the provisions of the Internal Revenue laws to claim deductions for business expenses of $1,602.00 in car and truck expenses, $600.00 in insurance, $960.00 in utilities, $375.00 in target practice, $375.00 in grooming and business mileage of 3,600 miles, and on Schedule F car and truck expenses of $1,602.00 whereas, as the defendant then and there well knew and believed, Mitchell Massencup did not have such business expenses and mileage for calendar year 2006 in the amounts claimed; in violation of Title

26, United States Code, Section 7206(2).

## COUNT THIRTEEN

On or about February 25, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Joint Tax Return, Form 1040, for Leslie and Jeffrey Johnson, for calendar year 2006 that was false and fraudulent as to a material matter, in that it represented on Schedule A that Leslie and Jeffrey Johnson were entitled under the provisions of the Internal Revenue laws to claim deductions for employee expenses of $600.00 in internet expenses, $2,500.00 in clothing expenses, $2,500.00 in grooming expenses and $5,000.00 in travel expenses, and on Leslie Johnson's Form 2106, business mileage of 3,600 miles and vehicle expense of $1,602, and on Jeffrey Johnson's Form 2106 business mileage of 48,000.00 miles and vehicle expense of $21,360.00, whereas, as the defendant then and there well knew and believed, Leslie and Jeffrey Johnson did not have such employee expenses and mileage for calendar year 2006 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT FOURTEEN

On or about March 10, 2007, in the County of Forsyth, in the Middle District of North Carolina, JULIO SPIRO DIBBI, did willfully aid and assist in, and procure, counsel, and advise the preparation

8

and presentation to the Internal Revenue Service of a U.S. Individual Tax Return, Form 1040, for Renne Gunnell, for calendar year 2006 that was false and fraudulent as to a material matter, in that it represented on Schedule A that Renee Gunnell was entitled under the provisions of the Internal Revenue laws to claim deductions for medical expenses of $2850.00, whereas, as the defendant then and there well knew and believed, Renee Gunnell did not have such employee medical for calendar year 2006 in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL:

_____
FOREPERSON

_____
FRANK J. CHUT, JR.
ASSISTANT UNITED STATES ATTORNEY

_____
ANNA MILLS WAGONER
UNITED STATES ATTORNEY

9