IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTIRCT OF NORHT CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | 1:09cr233-1 |
| | ) | |
| | ) | |
| JULIO SPIRO DIBBI | ) | |

## **TRIAL BRIEF**

On June 30, 2009, the federal grand jury in Greensboro, North Carolina, indicted the defendant Julio Spiro Dibbi for nine counts of willfully aiding and assisting the preparation and presentation to the Internal Revenue Service (IRS) of false and fraudulent tax years for nine individuals, in violation of 26 U.S.C. §7206(2); and for five counts of corruptly endeavoring to obstruct and impede the administration of Title 26 of the United States Code by instructing five of those individuals to falsely and fraudulently create evidence to support exemption claims in violation of 26 U.S.C. §7212(a)

The allegations in the indictment concern tax filings for the years 2005 and 2006. The obstruction counts are alleged to have occurred between August and October, 2007. The government's evidence is expected to include the testimony of each individual listed in the indictment that he or she did not provide the exemption information to the defendant as set forth in his or her tax return. Five of the individual witnesses are expected to testify that the defendant contacted each of them in 2007 after the IRS investigation began to encourage them to create records supporting their claimed deductions in the event they were audited by the IRS. The government has also provided notice of its intent to call two expert witnesses employed by the

1

IRS. The experts are expected to testify regarding a pattern of tax returns submitted by the defendant and regarding the issue of whether tax return information submitted by the defendant included materially false statements.

The defendant may present evidence through his own testimony, through witnesses for whom the defendant has prepared taxes, or through witnesses have worked for the defendant. These witnesses may testify that Dibbi did not engage in a habit or pattern of willfully submitting false information to the IRS. The defendant may also offer evidence of the process utilized by his office for the preparation of tax returns during the years in question. The defendant may present expert testimony to rebut the government's evidence that any information submitted by the defendant was material and that the defendant engaged in a pattern of practice with respect to willful filing of false tax information. The defendant may also present character evidence.

## 26 U.S.C. § 7206(2)

Title 26 U.S.C. 7206 states:

Any person who-

   **(2) Aid or assistance.** – Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document; or…

   Shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $250,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of the prosecution.

In <u>United States v. Aramony</u>, 88 F.3d 1369, 1382 (4th Circ. 1996), the Fourth Circuit cites the elements of 7206(2) as follows:

2

1. the defendant aided, assisted or otherwise caused the preparation and presentation of an income tax return;

2. the return was fraudulent or false to a material matter; and

3. the act of the defendant was willful.

The question of whether the tax return was fraudulent or false as to any material matter is a question for the jury. United States v. Aramony at 1384. A return is "false" if the return was untrue when made, and was then known to be untrue by the person making it or causing it to be made. United States v. Holecek, 739 F.2d 331, 335 (8th Cir. 1984). "False" means more than merely "incorrect." Id.

The test of materiality is whether a particular item must be reported for the taxpayer to estimate and compute his tax correctly. United States v. Aramony at 1384. Accordingly, the defendant contends that where a claimed deduction does not affect the amount of tax owed by the individual, the government has not met the materiality test. The defendant contends that the government's evidence will fail the materiality test with respect to certain of the alleged false returns.

The defendant's conduct must have been willful. United States v. Aramony at 1382. The term "willfully" as used in the criminal sections of the Internal Revenue Code is a "voluntary, intentional violation of a known legal duty." United States v. Pomponio, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed. 12 (1976). In United States v. Hirschfeld, 964 F.2d 318, 322 (4th Cir. 1992), the Fourth Circuit upheld the following instruction with respect to willfulness:

> Willfulness requires that the government prove beyond a reasonable doubt that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.

3

The defendant's conduct is also not willful if he acted through negligence, inadvertence or mistake, or due to a good faith misunderstanding of the requirements of law.

Now, members of the jury, the good faith – the good faith of defendant Richard Hirschfeld is a complete defense to the charge in Count One of conspiring to defraud the Internal Revenue Service and to charges in Counts Three and Four of aiding in the preparation of false income tax returns. This is because "good faith" is simply inconsistent with willfulness – the willfulness required by each of those counts.

The jury charge further stated that, "Willfulness does not mean mere negligence, or even gross negligence." United States v. Hirschfeld at 322.

Accordingly, the defendant contends that, to sustain a conviction, the government must prove beyond a reasonable doubt that the tax returns were false when filed, not merely incorrect; that the defendant knew of the falsity at the time of the filing; that the false items were material, thereby affecting to some extent the amount of tax owed; and that the defendant acted willfully. However, a defendant is not guilty of a § 7206(2) violation if he did not know that the information supplied was false, or if he acted in good faith, even if his belief was unreasonable, or if he acted negligently or even grossly negligently in assisting the preparation of the return.

## 26 U.S.C. § 7212(a)

Title 26 U.S.C. § 7212(a) states:

**(a) Corrupt or forcible interference**

Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1

4

year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

To prove a violation of § 7212(a), the government must prove that the defendant: 1) corruptly; 2) endeavored; 3) to obstruct or impede the administration of the Internal Revenue Code. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). "Corruptly" forbids acts committed with the intent to secure an unlawful benefit either for oneself or for another. Id.

In United States v. Reeves, 752 F.2d 995 (5th Cir.), cert. denied, 474 U.S. 834, 88 L. Ed. 2d 87, 106 S. Ct. 107 (1985), the Fifth Circuit rejected the definition of "corruptly" based upon an "improper motive or bad or evil purpose" -- as redundant and potentially overbroad or vague. The Fifth Circuit noted that, "A disgruntled taxpayer may annoy a revenue agent with no intent to gain any advantage or benefit other than the satisfaction of annoying the agent. Such actions by taxpayers are not to be condoned, but neither are they 'corrupt' under section 7212(a)." United States v. Reeves, 752 F.2d at 999. See also United States v. Mitchell, 985 F.2d 1275, 1278 (4th Cir. 1993).

In United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997), the Fourth Circuit addressed specific acts that could violate § 7212(a), including the facts that the defendant backdated notes, assisted in concealing assets to prevent the IRS from attaching them, and prepared corporate documents to conceal an owner's interest in the corporation to avoid tax consequences to that owner. Section 7212(a) is clearly a broad, catch-all statute. However, the statute does not prohibit a tax preparer from advising a client that the client may be audited by the Internal Revenue Service and that the client should get his or her receipts in order. Rather, it

is incumbent on the government to prove that a defendant acted with the intent to secure an unlawful benefit either for oneself or for another.  United States v. Wilson, 118 F.3d at 234.

### Evidentiary Issues

The government is expected to offer various tax documents into evidence, a summary chart, as well as the testimony of expert witnesses.  The defendant may offer the testimony of witnesses including clients and employees of the defendant to rebut the government's evidence.  The defendant may offer tax documents filed by the government's witnesses and tax documents of witnesses testifying for the defendant.  The defendant may also call an expert witness in the field of tax preparation to rebut the testimony of the government.

### Summary Chart

The defendant has yet to review the proposed summary chart of the government.  The defendant contends, however, that such evidence should not be admitted in this case.  The government is expected to call an expert to summarize 240 tax returns not included in the Indictment of the defendant.  The defendant contends that such evidence goes beyond the scope of Rule 611(a) of the Federal Rules of Evidence.  It appears that the government is tendering the chart not as a summary of evidence produced at trial, but as independent evidence under Rule 404(b).

Rule 611(a) provides, in relevant part:

> The [district] court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth,[and] (2) avoid needless consumption of time . . . .

The Fourth Circuit has approved the admission of an organizational chart under Rule 611(a) that summarized the evidence presented in a complex drug conspiracy. United States v. Johnson, 54 F.3d 1150, (4th Cir. 1995). In so doing, the court outlined two guiding principles for consideration: 1) whether the summary chart aided the jury in ascertaining the truth and 2) the potential prejudice to the defendant under Rule 403. Id. at 1159-1160. "In making this determination, we look to the length of the trial, the complexity of the case, and the accompanying confusion that a large number of witnesses and exhibits may generate for the jury." Id. at 1159. The court writes:

> In this case, applying the principles discussed above, we find that the district court did not err in admitting the summary chart. First, it is likely that the summary chart served to aid the jury in ascertaining the truth. The record reflects that in presenting its case-in-chief over a seven-day period, the Government called over thirty witnesses who testified about the workings of the alleged drug conspiracy. Of these thirty witnesses, twenty-eight were co-conspirators or had direct dealings with the drug conspiracy. In light of the complex nature of the extended drug conspiracy and the large number of witnesses presented, we conclude that the summary chart likely helped the jury in sifting through the testimony in the case.

Id. at 1160.

While testimony summarizing evidence may be admissible in income tax prosecutions, such evidence has been limited to aiding the jury in organizing the proof. See United States v. Sabino, 274 F.3d 1053, 1067 (6th Cir. 2001). Such testimony has been held admissible in a criminal trial "when the judge charges the jury as to all the elements necessary for conviction,

where the summary is intended to aid the jury in organizing proof, and where the summary is not inflammatory or prejudicially worded."  United States v. Sturman, 951 F.2d 1466, 1487 (6th Cir. 1991).

In the present case, however, the government's proposed chart goes beyond an effort to organized evidence for the jury and should be prohibited.

Attitude of the Defendant toward the IRS

The defendant contends that evidence of his attitude toward the IRS should not be admitted at trial.  Rule 403 allows the trial court to exclude evidence where the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the jury or misleading the jury.

Respectfully submitted, this the 7th day of November, 2009.

        WALTER C. HOLTON, JR., PLLC
        Attorney for Defendant


By:/s/ Walter C. Holton, Jr._____
    Walter C. Holton, Jr.
    301 N. Main Street, Suite 804
    Winston-Salem, NC  27101
    Tel. (336)777-3480
    NC State Bar No. 12698
    wholton@walterholton.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 7, 2009, I electronically filed the foregoing TRIAL BRIEF with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

        Frank J. Chut, Jr.
        Assistant U.S. Attorney
        101 South Edgeworth Street
        PO Box 1858
        Greensboro, NC 27401


Respectfully submitted,

        WALTER C. HOLTON, JR., PLLC
        Attorney for Defendant


      By: /s/ Walter C. Holton, Jr.

        Walter C. Holton, Jr.
        301 N. Main Street, Suite 804
        Winston-Salem, NC 27101
        Tel. (336)777-3480
        NC State Bar No. 12698
        wholton@walterholton.com