IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:09CR233-1 |
| | : | |
| JULIO SPIRO DIBBI | : | |

MOTION TO REDUCE TERM OF IMPRISONMENT TO TIME SERVED

COMES NOW the United States of America, by the Director of the Federal Bureau of Prisons and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and respectfully moves the Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to modify the defendant's term of imprisonment to time served. In support hereof, the United States and the Director of the Federal Bureau of Prisons state as follows:

1. Defendant, Julio Spiro Dibbi, pleaded guilty to violating 26 U.S.C. § 7206(2), Aiding in the Filing of False Tax Returns, and 26 U.S.C. § 7212(a), Interfering with Internal Revenue Laws.

2. Mr. Dibbi was sentenced on May 27, 2010, by the Honorable N. Carlton Tilley, Jr., Senior United States District Judge for the Middle District of North Carolina, to a 30-month term of imprisonment followed by a one-year term of supervised release.

3. Mr. Dibbi will be eligible for home detention on August 10, 2012, and his Good Conduct Time release is November 8, 2012. He is not expected to survive to either date.

4. Mr. Dibbi, age 75, was diagnosed in 2008, with hypocellular Myelodysplastic Syndrome, bone marrow failure. He has now deteriorated to the point that his condition is considered terminal within six months. He is not a candidate for bone marrow transplant. He has received aggressive treatment and multiple blood transfusions but his condition is complicated by fibrosis and a chromosomal mutation that is associated with a poor prognosis. He is currently able to perform his Activities of Daily Living but requires a wheelchair to ambulate.

5. At the time of sentencing, Mr. Dibbi's doctor reported that he was diagnosed with Myelofibrosis. While she did not project a life expectancy, she indicated that it was an incurable disease with an "ominous prognosis." While the sentencing court was aware of his disease, it could not anticipate that he would die before he would complete the service of his sentence.

6. If the motion is granted, Mr. Dibbi will reside with Rebecca Somerville, in Winston-Salem, North Carolina. She is fully aware of his medical condition and very supportive of his release. Medical care and hospice services are available locally and he is eligible for Social Security benefits.

7. The U.S. Probation Officer in the Middle District of North Carolina has approved the release plan and will accept supervision of Mr. Dibbi, should he be released.

WHEREFORE, it is respectfully requested that the Court reduce the term of imprisonment to time that the defendant has now served, thereby making him eligible for immediate release. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court, upon motion of the Director of the Bureau of Prisons, may modify a term of imprisonment upon the finding that "extraordinary and compelling reasons" exist to warrant a reduction. The defendant's terminal medical condition and limited life expectancy constitute "extraordinary and compelling reasons" warranting the requested reduction. The defendant would not, however, be subject to complete release, as he would begin serving the one-year term of supervised release previously imposed by the Court.

This the 30th day of June, 2011.

Respectfully submitted,

RIPLEY RAND
United States Attorney


/S/CLIFTON T. BARRETT
NCSB No. 12858
Assistant United States Attorney
Chief, Criminal Division

P.O. Box 1858
Greensboro, NC  27402
336/333-5351
E-mail: cliff.barrett@usdoj.gov